IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **88 LLC** | \* |
| | \* |
| v. | \*   Civil No. PJM 10-1607 |
| | \* |
| **RC MATRICE, LLC, et al.** | \* |
| | \* |
| | \* |

**MEMORANDUM OPINION**

Plaintiff 88 LLC has filed the present Motion for Expenses Relating to Its Motion to Compel, (ECF No. 76), seeking an order directing defendant RC Matrice, LLC (Matrice) to pay 88 LLC's reasonable expenses and attorney's fees associated with filing a Motion to Compel. (ECF No. 56-1). The motion is ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, 88 LLC's motion will be denied.

**I.   Standard of Review.**

Pursuant to Federal Rule of Procedure 37(a)(5)(A), after providing an opportunity to be heard, the court must order an opposing party to pay the moving party's reasonable expenses related to a motion to compel, including attorney's fees, "if the disclosure or requested discovery is provided after the motion was filed." FED. R. CIV. P. 37(a)(5)(A); *Kemp v. Harris*, 263 F.R.D. 293, 296 (D. Md. 2009) ("[W]hen . . . the requested discovery is provided only after a motion to compel has been filed, expenses and attorney's fees are mandatory."). However, the court cannot order the opposing party to pay the moving party's expenses where (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's non-disclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A)(i)– (iii); *Kemp*, 263 F.R.D. at 296.

**II.    Analysis.**

Local Rule 104.7 requires counsel for the parties to "confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them." Counsel are also "encouraged to confer with one another before or immediately after a motion to compel is served." Local Rule 104.8(b). If the parties are unable to resolve their dispute, the party seeking to compel must follow the procedure outlined in Local Rule 104.8(a). 88 LLC contends that it engaged in good faith efforts to resolve the deficiencies in the discovery responses without court intervention. (ECF No. 76-1; *see* ECF No. 56-17). Matrice, on the other hand, contends that 88 LLC's refusal to grant a 30-day extension request by Matrice's new counsel, James Rothschild, shows that good faith efforts were not made. (ECF No. 77).

Plaintiff's counsel clearly made good faith attempts to resolve the dispute with Defendants' former counsel. On January 13, 2011, plaintiff's counsel called former defense counsel Michael Rosier to discuss 88 LLC's objections to the amended responses that Matrice provided on January 12, 2011. (ECF No. 56-17 ¶ 6). Per Mr. Rosier's request, 88 LLC provided a written summary of its objections on January 28, 2011, via letter and e-mail. (ECF No. 56-17 ¶ 9). When Mr. Rosier failed to respond, 88 LLC followed up with a phone call on February 4, 2011, again with no response. (ECF No. 56-17 ¶ 10). 88 LLC then, in accordance with the procedure outlined in Local Rule 104.8(a), served a copy of the motion to compel on February 11, 2011. (ECF No. 76-1 at 5). In an effort to follow up on the motion to compel, 88 LLC's counsel also conferred with new defense counsel James Rothschild on February 25, 2011, and contacted Mr. Rosier's office on March 1 and 2, 2011. (ECF No. 14–19). *Id.*[1]

---

[1] It is unclear why 88 LLC's counsel contacted Mr. Rosier's office. Although he had not formally withdrawn, counsel had been advised by Mr. Rothschild on February 25, 2011, that Mr. Rosier's withdrawal was imminent.

The court does, however, have concerns regarding 88 LLC's refusal to grant Mr. Rothschild's February 25, 2011, request for a 30 day extension to supplement the admittedly deficient responses.  Rule 104.8(a) allows parties to grant extensions of time to one another so long as those extensions do not alter the court's scheduling order.  The request for 30 additional days was reasonable in light of counsel's recent appearance in the case, and was made only fourteen days after the motion was served.  More significant than the denial of the request, however, is the timing of that denial.  88 LLC filed the motion to compel only one day after advising opposing counsel that the extension request was denied.  (*See* ECF No. 77 at 2).  Having allowed itself several days to respond to the request for an extension, 88 LLC allowed Matrice only one day to act after the request was denied.

Moreover, even where a party has made good faith efforts to resolve a discovery dispute, the court may not award sanctions when the failure is substantially justified or when the circumstances of the particular dispute make an award unjust.  "Generally, a party meets the substantially justified standard when there is a genuine dispute or if reasonable people could differ as to the appropriateness of the motion."  *Kemp*, 263 F.R.D. at 296 (quoting *Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005) (internal quotations omitted)).  Here, the total delay from the date that 88 LLC's counsel first contacted Matrice's counsel until Mr. Rothschild promised supplemental responses was relatively brief.  After the change in defense counsel, new defense counsel took prompt action to address the dispute.  Mr. Rothschild quite possibly could have prepared a response before the motion was filed had he been given more than one day's notice that his request for an extension was denied.  No case relied upon by 88 LLC presents comparable circumstances.  In addition, 88 LLC suffered no prejudice: it merely filed a motion it had already prepared and served.  Finally, due to neither party's fault, additional modifications of

the Scheduling Order were sought, with discovery now scheduled to conclude on April 16, 2012. Under these circumstances, reasonable people could differ as to the appropriateness of 88 LLC's motion to compel, and an award of sanctions would be unjust.

Finally, the court both affirms and clarifies the withdrawal of the Motion to Compel which is the subject of this fee request. When the motion was heard, defense counsel agreed to supplement admittedly deficient responses. 88 LLC correctly states that Plaintiff did not withdraw its Motion to Compel, but incorrectly, and inexplicably, claims that the court "mistakenly" treated the motion as withdrawn. *See* (ECF Nos. 67 and 76-1 at 2 n.3); *see also* (ECF No. 91 at 2). It was the court's decision to withdraw the motion pursuant to the condition that Defendant provide complete responses to each of Plaintiff's then-pending discovery requests. ECF No. 66.[2]

### III. Conclusion.

For the foregoing reasons, 88 LLC's Motion for Expenses Relating to its Motion to Compel will be denied.

Date: March 29, 2012                                    /S/
                                                JILLYN K. SCHULZE
                                                United States Magistrate Judge

---

[2] Indeed, had the court granted 88 LLC's suggestion that the court grant or suspend action on the motion to compel rather than deem it withdrawn, (ECF No. 67), the court would have immediately denied the present motion for expenses, since no request for expenses was presented in the motion to compel. *See* (ECF No. 56 and 56-16).